JAMES CALDWELL *vs.* ANNA M. SLADE & others.

Suffolk. January 18, 1892. — February 26, 1892.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Personal Injuries — Liability of Tenant — Statute.*

A building was leased by the defendants, who were the owners thereof, to A. The plaintiff, while employed by B. to assist in removing therefrom articles manufactured by A. for B., and in the exercise of due care, stepped into an uncovered and unguarded hole in the floor of the premises from which the articles were to be removed, and was injured. No cover had ever been made for the hole, and no scuttle had been constructed to cover it, but it was usually covered by pieces of plank. *Held*, that the fault, if any, was that of the tenant, and that an action for personal injuries would not lie against the owners of the premises.

The provisions of the St. of 1888, c. 367, §§ 3, 4, which amend the St of 1885, c. 374, §§ 108, 109, relate to shafts or hoistways for freight or passenger elevators in buildings in the city of Boston, and do not apply to an injury caused by a party's falling through an unguarded and uncovered hole therein.

TORT for personal injuries occasioned to the plaintiff by falling into a hole in the floor of a building in Boston, owned by the defendants.

At the trial in the Superior Court, before *Mason*, C. J., there was evidence tending to show that one Franklin M. Slade was, at the time the injuries were received, a tenant at will of the defendants; that the plaintiff was employed by one Charles Hurley to assist in removing a number of baker's troughs manufactured by Slade for Hurley, and that, after the said troughs were completed, it was the duty of Hurley to remove them from the premises; that, on the day on which the injuries were received, the plaintiff, while assisting in the removal of one of the troughs from the premises, stepped into a hole eighteen inches long by fourteen inches wide, which hole was in the floor of the premises from which the troughs were to be removed; that at the time the plaintiff was in the exercise of due care; that the hole was unguarded, uncovered, and unprotected; that there had never been any barrier around the hole at any time, and that there was none at the time of the injuries complained of; that no cover had ever been made for the hole, and no scuttle had been constructed to cover it, but that it was usually covered by pieces of plank about four or five inches wide and perhaps a foot and a half long; that the hole had existed in the floor for ten years prior to the date of the injuries; and that the hole was near the centre of the floor in the room occupied by Slade, and was used for the transmission of boards and other material from that floor to a floor below. Anna M. Slade, called by the plaintiff as a witness, testified that she had never had any knowledge of the existence of the hole, or of anything relating thereto, until after the injury, and this testimony was not controverted.

The court ordered a verdict for the defendants; and the plaintiff alleged exceptions.

*R. W. Shea & C. W. Bartlett*, for the plaintiff.

*W. S. Stearns & J. H. Butler*, for the defendants.

LATHROP, J. The hole in the floor through which the plaintiff fell was used for the passing of boards and other material from that floor to another. Although no cover had ever been made for the hole, and no scuttle constructed to cover it, it was usually covered by pieces of plank. The accident does not appear to have been caused by any insufficiency in the cover, but was owing to the fact that the hole was not at that time covered

at all.   The case does not, therefore, come within the doctrine of *Dalay* v. *Savage*, 145 Mass. 38.

The hole cannot be said to be a nuisance in and of itself.   It was obviously necessary for the business of the occupier ; and the fault, if any, was that of the tenant, in not having it guarded or covered, or in not giving warning at the time the plaintiff was using the building.   *Mellen* v. *Morrill*, 126 Mass. 545.   *Clifford* v. *Atlantic Mills*, 146 Mass. 47, 49.

The plaintiff further contends that a duty was imposed on the defendants by the St. of 1888, c. 367, §§ 3, 4.   These sections amend §§ 108 and 109 respectively of the St. of 1885, c. 374, and they relate to shafts or hoistways for freight or passenger elevators, and have no application to the case before us.                              *Exceptions overruled.*