The opinion of the court was delivered by
Watkins, J.
In the lower court there was judgment maintaining the several exceptions of defendants’, to-wit: Misjoinder of parties, *851 vagueness, indefiniteness, inconsistent and contrary demands, etc., and it also dismissed the suit as to Mrs. Chapotel, as of non-suit, and required the plaintiff to so' amend his petition as to preserve only one cause of action, and further required him to elect whether his demand should be for a money judgment or for the possession of the property sued for, or in the alternative that his suit be dismissed.
It is from this judgment that the plaintiff prosecutes this appeal.
The following is a synoptical résumé of the plaintiff’s petition, viz.:
That Mrs. Marie Louise Carreau, wife of Louis A. Chapotel, and Louis A. Chapotel, are indebted in solido to petitioner in the sum of $38,111.50, for this, to-wit:
“That petitioner and the said Mrs. Marie Louise Oarreau, wife of Chapotel, are the only children and heirs of their mother, Mrs. Widow John Oarreau. That said Marie Louise Carreau, wife of Louis A. Chapotel, with the knowledge and authority of her said husband, about the 19th of November, 1887, became the mandatory and agent of the mother of the petitioner, who was old and infirm, and unable to read and write, and was partially paralyzed, and who trusted her said daughter as her mandatory and agent.
“That, as said mandatary and agent, said Mrs. Chapotel collected notes from various persons named in the schedule annexed and made part hereof—

“Petitioner’s mother died in this city on the 10th of September, 1890, without having received any account or settlement with her said mandatory and agent.
‘1 That said Louis A. Chapotel was without means or resources, and on the 28th of February, 1888, he bought property from Mrs. Margaret E. Davis for $2500 .cash, and the 18th of August, 1888, he bought another property from John Trisconi for $400, and he made extensive repairs and additions, all of which was done with the money of said Mrs. Widow John Carreau, in the hands of the wife of said Chapotel as agent.”
(Here follows a description of the two pieces of property just referred to.)
*852 “Wherefore, petitioner prays that Mrs. Marie Louise Carreau, wife of Louis A. Ohapotel, and the said Louis A. Ohapotel, be cited to appear and, after due proceedings, be condemned to render a full and perfect account of the agency aforesaid, and be condemned in solido to pay to your petitioner $38,111.50, with legal interest from judicial demand, and such other sum as may be found to be due, and that it be decreed that the property hereinabove described be decreed to belong one-half to petitioner, and petitioner prays for costs and for general relief.
(Signed) “Francis Carreau.
(Signed) “B. R. Forman, Of Counsel.”
Schedule Attached to petition.
Memorandum of Cash.
1887. Money and notes collected, to-wit:
Peter Gonzales...............................................................................$5000 00
Paul Rousset................................................................................... 2500 00
D. Hamel........................................................................................ 300 00
fm. Nicholaus............................................................................ 219 00
N. O. I. A. for Kenner property............................................... 1650 00
Cash in hands of P. E. Tlieard..................................................... 2161 00
Rents collected for 10% months of 1887..................................... 7b65 00
$19,825 00
notes Held by Mr Mother and Not Collected or Accounted E’or.
Honorine Grima, two notes $100 each.......................................... $800 00
Michel Sehenck, four mortgage notes, $587.50............................ 2350 00
A. Marque due bill to ma............................................................... 200 00
W. A. Bienvenue, mortgage $8000 ................................................ 800 00
Carrouche due bill...................................................................... 100 00
D. Hamel note mortgage.......................................................... 500 00
Jacob Baltz (promissory note)................................................ 100 00
$5150 00
Upon a fair consideration of the foregoing petition and annexed tabular statement we are of opinion there is no joint obligation or solidarity of liability of the two defendants — who are husband and wife — alleged, and no privity of contract. For the charge of the petition is that Mrs. Marie Louise Carreau, wife of Ohapotel, became mandatory and agent of the mother of petitioner, albeit with the knowledge and authority of her husband. That, as such agent and mandatory, she collected notes and rents, and received from her principal money and failed to render account thereof. That said husband was at the time without means, and shortly afterward made considerable’purchases for cash.
Conceding this statement to be every whit true, aud what privity of contract is there alleged? It does not alter or increase the obligation of the wife to her mother as principal, that her husband used a *853 pai-t of the money she collected and for which she failed to account. It is not alleged that the husband came under any obligation as mandatory of plaintiff’s mother, or that he ever incurred any obligation to her for the shortcomings of his wife, as such.
It is clear that upon the showing made, plaintiff can not call upon the husband, Ohapotel, for an accounting. Evidently, plaintiff has set out no cause of action against him.
It is inconsistent to demand of the defendants an accounting as unfaithful agents, and at one and the same time call upon him for the restitution of personal or real property other than such as may have passed under their custody and control as agents.
Everything considered, we are satisfied that the plaintiff’s demands should be readjusted and his petition reconstructed.
Judgment affirmed.