(36 South. 322.)

No. 14,854.

SCHOPPEL et al. v. DALY et al.

(March 14, 1904.)

ACTION FOR TORT—INJURY TO SERVANT—DANGEROUS PREMISES—LIABILITY OF LANDLORD.

1. The existence of contractual relations between two parties is no bar to a right of action for tort committed pending the contract, and connected with it, though the contract may more or less affect the rights and obligations of the parties. Torts are often connected with or founded upon contracts.

2. Plaintiffs in this case do not base their right of action exclusively upon article 2695 of the Civil Code, nor upon a contract of lease, though that article of the Code and a contract of lease between the parties are incidentally referred to. The action is one not ex contractu, but ex delicto, for injuries to the wife, and for incidental damages to the husband arising therefrom. The right of the wife for damages for personal injury to herself is distinct from that of the husband to recover damages by reason of his contractual relations with his lessor. The lease evidenced the right of the wife to have been lawfully upon the premises where she was injured.

3. Though the fact that the occupants of a house are a lessee and his family, and they may be held to obligations, which may modify to some extent the rights which they would have had had they been utter strangers, the lessor (if they have performed those obligations) is responsible in damages to them for personal injuries received through violation of his general primary obligations to keep his building safe. The lessee and his family as well as strangers are entitled to exact the performance of this general duty.

4. If a defendant is not adjudged to pay more than is legally due by him to the plaintiffs, he is not concerned as to how the amount may be apportioned among them.

5. If husband and wife are joined as plaintiffs in a suit in enforcement of separate interests, they may be witnesses for or against their separate interests therein.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by Katie L. Schoppel and Albert S. Beecher against Anna Daly and David Daly. Judgment for plaintiffs, and defendants appeal. Affirmed.

George Gustave Kronenberger, James Boyd Grinage, and Dinkelspiel & Hart, for appellants. John Darling Nix and Benjamin Rice Forman, for appellees.

Statement of the Case.

NICHOLLS, C. J. Albert S. Beecher, the husband of the plaintiff Mrs. Katie L. Schoppel, is a party to the suit not only to authorize and assist his wife, but on his own behalf. The allegations of the plaintiffs are that the defendants are in solido indebted to them in the sum of $4,414, because—

Plaintiffs were the tenants of said defend-

ants, residing at No. 1902 Second street. That on the 18th of August, 1902, petitioner Mrs. Katie L. Schoppel fell through the floor of said building, the same yielding on account of its bad condition. That said building, the separate property of said Anna Daly, had been lately repaired. That it was the duty and obligation of said defendants, as lessors, to keep and to hold said property in good order and in good condition and habitable for petitioners as their tenants, and guaranty petitioners against all defects and vices. The said vices and defects could have been discovered by an architect or skilled builder, and were not due to any fault of the tenants, who owed no rent, and had no means of observing the defect. That said accident to petitioner was without fault or negligence of petitioners being ignorant of the rotten and dangerous conditions of the floor. That said damages were as follows, to wit:

Physician's bill $100.

Druggist's bill $24.

Loss of time and business during the months of August, September, and October, 1902, petitioner Katie Louisa Beecher being a public merchant, $200. That petitioner Albert S. Beecher was compelled on account of said accident to quit and abandon during the aforesaid months a good and lucrative position as insurance solicitor, in order to attend to his suffering wife and her business, thereby incurring a loss of $40. The petitioners had to pay in addition $50 for a clerk; making an aggregate sum of $414, damages incurred by petitioners. Petitioner further alleged that her right leg was permanently injured by said accident, which was due to the neglect and failure of defendants in not keeping and holding said property in good order and in habitable condition; that the mental suffering and physical annoyance undergone by petitioner was excessive, amounted to $4,000, which, added to the other damages made the aforesaid total sum of $4,414.

Petitioner further alleged amicable demand, but refusal to pay.

In view of the premises, petitioners prayed that defendants be cited to appear and answer this petition, and there be a judgment in favor of petitioners and against defendants for the sum of $4,414, with interest from August 18, 1902, until paid; that said Mrs. Anna Daly be authorized by this court to appear and defend this suit and stand in judgment. They further prayed for a trial by jury, for costs, and for general relief.

Defendants excepted for the reasons:

First. The petition disclosed no cause of action.

Second. The plaintiff Albert S. Beecher is without right, capacity, or authority to sue individually in his own name and on his own behalf for personal injuries alleged to have been sustained by his wife.

Third. The plaintiff Katie L. Schoppel, the wife of Albert S. Beecher, is without right, capacity, or authority to sue in her own name and on her own behalf for personal injuries alleged to have been sustained by her.

Fourth. The petition is too vague and indefinite to enable defendants to make proper answers thereto.

Fifth. Petitioners do not allege or disclose the name of their lessor nor the person they hold liable.

Sixth. The defendants cannot be sued in solido for an alleged personal injury.

Wherefore exceptors prayed that these exceptions be maintained, and this suit be dismissed, with costs, and for general relief.

On hearing, the court ordered the first and the sixth exceptions to be tried with the merits, and overruled the second, third, fourth, and fifth exceptions.

Defendants, under reservation of their exceptions, answered, pleading first the general issue. Further answering, they admitted that the plaintiffs were tenants residing at

No. 1902 Second street, on the 18th August, 1902, and were still tenants occupying said premises, the separate property of the defendant Mrs. Anna Daly. They averred that a short time ago all necessary repairs were effected in the said property, and, if any further repairs were desired by said tenants, it was the duty of said plaintiffs to have given notice thereof, and, in default of defendants making said repairs, to have had them made themselves, and deducted the costs thereof from the rent.

Further answering, they expressly averred that they were in no way liable for plaintiffs' claim either in whole or in part, the direct cause of the accident, if any, and any injury suffered by plaintiffs being due to their own negligence and recklessness, and the injury, if any, for which they sought to recover damages from the defendants, was caused by their contributory negligence.

Wherefore they prayed that plaintiffs' suit be dismissed, and for costs and for equitable relief.

The case was tried before a jury, which returned a verdict for the plaintiffs for $874.

Defendants' counsel applied for a new trial, assigning the following reasons:

First. That the evidence showed that the defendants were in no way guilty of any negligence, as alleged in the plaintiffs' petition, by which the plaintiffs suffered any damage.

Second. That the evidence showed by plaintiffs' own testimony that the flooring of defendants' premises was solid, and that said premises were thoroughly repaired; that the flooring was not rotten, as alleged in their petition.

Third. That the evidence did not show by plaintiffs' own testimony that the joists were decayed sufficiently to be considered a defect, while all other witnesses agree that the joists were solid.

Fourth. That the evidence showed that there were no vices and defects in the premises.

Fifth. That the evidence showed that it was impossible for plaintiff Mrs. Katie L. Beecher to have sustained injury as she said, as evidenced by the other witnesses.

Sixth. That the evidence did show that plaintiff Mrs. Katie L. Beecher fell through the floor as alleged in her petition, the only evidence of this fact being the testimony of plaintiff Mrs. Katie L. Beecher, none of the other witnesses being eyewitnesses, who testify only to the fact that they were not present, and did not see same, but saw only the plaintiff Mrs. Beecher sitting in a chair with her right leg resting on another chair; nor does the evidence show any vices and defects in the premises.

Seventh. The preponderance of evidence is in favor of the defendants.

Eighth. That, if there was any responsibility under the law herein (which mover denied), the said tenants were responsible therefor.

Ninth. That the evidence showed clearly that plaintiffs contributed—nay, caused—the damage complained of, if any there was.

Tenth. That the evidence showed that defendants did all that could be required of them, and all in their power, to prevent damage to plaintiffs, and, if any accrued to them, it was without their fault.

Eleventh. That plaintiffs brought upon themselves all the damage complained of by remaining in the house when it was in their power to leave it, and thus escape damage.

Twelfth. That, even if there were vices and defects in the premises (which mover did not admit), the fact that plaintiffs had knowledge of it was no excuse, for it was their duty, for the sake of their own safety, to examine the premises, and acquaint themselves with its condition, and accordingly to notify defendants, who necessarily had no knowledge thereof, and who might be

said to have, for a consideration, during the term of the lease or tenancy, parted with their exercise of the right of ownership to the defendants.

Thirteenth. That, even if defendants had taken no steps to repair the house, it was the duty of plaintiffs, and in their power, to make the repairs, and to deduct the cost thereof from the rent. That, if they had failed to do this, they could not complain of their own negligence, or profit by their own wrong in asking damages.

Fourteenth. That the evidence showed that the repairs were made at the request of plaintiffs in the presence of plaintiffs, and while they were in the possession of the premises, and to their satisfaction, as appears by plaintiffs' own testimony and defendants' witnesses; and, if there were any vices or defects (which mover did not admit), plaintiffs necessarily had knowledge of them.

Fifteenth. That the joist complained of by plaintiffs was not defective, but, on the contrary, strong and durable, as testified to by defendants' witnesses, was evidenced by the fact of its use after repairs, and prior to and after the alleged injury, and up to the present time, to the evident satisfaction of the plaintiffs, who were still occupants.

Sixteenth. That the damages claimed by plaintiffs were not recoverable under our law governing the rights, duties, and obligations of landlords and tenants, and, even if they were, were hypothetical and speculative, and were not established with the certainty the law required.

Seventeenth. That the evidence showed that the defendant David Daly was in no way guilty of any negligence, and that he was in no way liable, if there was any liability at all, so far as defendants were concerned, which was not admitted by mover.

The court denied the application, and rendered judgment in favor of the plaintiffs against the defendant Mrs. Anna Marmion for the sum of $874, with legal interest from April 2, 1903, until paid, and dismissed the suit as against David Daly.

Mrs. Anna Marmion, wife of David J. Daly, appealed.

The plaintiffs answered the appeal, praying the judgment be increased to $4,000.

When this case was opened, plaintiffs abandoned their demand against the defendant David Daly.

Defendants' exception of no cause of action was predicated upon the proposition that the plaintiffs placed their right of action exclusively upon article 2695 of the Civil Code, treating of the contract of lease. They contend that it was never contemplated that this article should be made the basis for an action for damages for personal injuries sustained by a tenant. In support of the second exception, defendants cite Act 68, p. 95, of 1902. In support of the sixth they refer the court to article 2324 of the Civil Code and Carreau v. Chapotel, 45 La. Ann. 850, 13 South. 250.

During the trial, Albert S. Beecher, one of the plaintiffs, being called as a witness, objection was made that he was the husband of the other plaintiff, and was not competent to give testimony in behalf of his wife. The objection was overruled, and defendants excepted. In discussing this question counsel of defendants say:

"Previous to Act No. 190 of 1898 in an action for personal injuries to the wife she could not testify, because it was uniformly held by this court that such an action belonged to the community, and such a suit, therefore, was in the name of the husband alone, and the general prohibition against the wife testifying for or against her husband applied. This act last mentioned made the wife a competent witness in such cases in these words: 'In all civil suits for damages, instituted by the husband for or on ac-

count of personal injuries sustained or suffered by his wife, the wife shall be a competent witness.'

"The general provisions of the law of evidence were not changed save in this particular, and so the law remained until 1902, when, by Act No. 68, it was provided that 'damages resulting from personal injuries to the wife shall not form part of this community, but shall always be and remain the separate property of the wife and recoverable by herself alone.'

"Therefore this suit was properly brought by the wife, and should have been brought by her alone, and as to her claim for damages the husband was not a competent witness, because there has been no relaxation of the prohibition against the testimony of husbands and wives in favor of the testimony of the husband as to the wife. The only modification was in allowing the wife to testify in certain cases where the husband was plaintiff, but the exception made in this case did not carry with it the right of the husband to testify in favor of the wife, and therefore the objection should have been sustained. The facts of the case are so intimately blended with the law as above discussed that no special discussion of them is necessary."

Defendants use the following language in their brief:

"The proof shows that the repairs which were made by Mrs. Daly were made by a competent and reliable carpenter. Mrs. Daly herself had nothing to do with the making of the repairs, and therefore she is protected from improper workmanship, if any, by the man she employed, under the law applicable to independent contractors. This whole question was fully discussed by this court in the case of Davie v. Levy, 39 La. Ann. 551, 2 South. 395, 4 Am. St. Rep. 225.

"It is impossible, from the verdict and judgment in this case, to know in whose favor the judgment was rendered, or for how much in favor of each plaintiff. The verdict of the jury and the judgment following it is in favor of Mrs. Katie L. Beecher and Albert S. Beecher, her husband, for the sum of $874. What part of this judgment is in satisfaction of the claim made by Mr. Beecher, if any, and how much in satisfaction of the claim of Mrs. Beecher, does not appear, and is an additional reason why the exception of misjoinder should have been maintained. Either the damages were due to the husband or they were due to the wife. They could not be due to both. If due to the wife, the husband had no right to sue for same, and had no right to testify; if claimed by the husband, then no cause of action was disclosed, because the husband has no right to sue for personal injuries to the wife as the law now stands.

"So far as the physician's bill of $100 is concerned, there is no evidence justifying its allowance either in whole or in part. Dr. _urt, who testifies, simply says, in reference to his services, 'I gave her a bill for $100,' but he does not say, nor does any one else say, that such a bill would be just and reasonable under the circumstances.

"Under the feature of the case the plaintiffs have received so much more than they would be entitled to even if the law were with them."

### Opinion.

The action of the plaintiffs is not based exclusively upon article 2695 of the Civil Code, nor upon the existence of the contract of lease referred to, though it and the article of the Code are both incidentally referred to. The action is one ex delicto for personal injuries to the wife. The existence of contractual relations between two parties is no bar to a right to damages for a tort committed pending the contract, though the contract may more or less affect their rights. Torts are often connected with or founded on contracts. Ballew v. Andrus' Ex'r, 10 La.

219; Cooley on Torts. The husband is not suing in this suit for damages for personal injuries to the wife. She is herself the plaintiff suing on that cause of action. She is certainly authorized to do so. The husband appears as a plaintiff to authorize his wife to sue, and only claims such damages to himself as arise incidentally out of the injuries done to his wife. The husband as such, and independently of any question of community, is bound for the bills of the physician attending his wife and the bill of the druggist for medicines furnished for her when injured, though she have a right of action herself for damages against the party injuring her. The claims of the husband for such damages and those of the wife are so interconnected that the husband and the wife may appear as joint plaintiffs, leaving the damages recovered to be adjusted between themselves. Defendants have no interest as to how the damages may be apportioned. Heirs of Brigot v. Brigot, 49 La. Ann. 1432, 22 South. 641. Defendants have not pleaded a misjoinder.

If we correctly understand defendants' contention, it is that the provisions of article 2695, by which a lessor guaranties his lessee against losses arising from the vices and defects of the thing leased, refer to the losses which arise from the lessee's being prevented from using the same, and do not extend to the damages which may result from personal injuries; that that article authorizes actions ex contractu, but not those ex delicto; that plaintiffs, having elected to base their action upon that article, can claim nothing outside of its terms. We do not give the restrictive character to the article which defendants do, and, as we have already said, this action is not based exclusively upon it. Defendants' counsel himself declares in his brief that plaintiffs invoke in their behalf the benefit of article 2316 of the Code. The evidence does not fix with certainty whether Mrs. Beecher or her husband was the lessee of the property. As no mention is made of their being separate in property, we presume that her husband was the lessee, and that her occupancy of a portion of the property for a notion store was through his permission. Her right to damages for personal injuries is distinct from his right to recover damages by reason of his contractual relations as lessee with Mrs. Daly. The contract of lease evidenced the fact that she was lawfully on the premises. We do not accede to the proposition that the liability of the owners of buildings for injuries resulting from their defective condition is limited to neighbors and passers-by upon the street; that it does not extend to persons who may be lawfully within the same. It may be that the occupants of the building, by reason of the character of their occupancy, may have come under some obligations as to the condition of the premises from which strangers are absolutely freed; but, if the occupants have complied with those obligations, the lessor is responsible for his fault for personal injuries received by them. It is beyond dispute that Mrs. Beecher was painfully injured by the giving way under her weight of the floor upon which she was standing without any fault on her part or that of her husband. The property was only rented from month to month, and each month's rent had been promptly paid as it matured. There was nothing due to the lessor at the time of the accident. It is not claimed that there was any default on the part of either of the defendants as to notifying the lessee, or as to the necessity of making repairs. They were under no obligation to make them, as the lessor had undertaken to repair them fully herself, and did repair them to the extent which she deemed to be a compliance with her obligations. Her workmen raised the building, and inspected its sills and joists and flooring from below. That inspection revealed to her the exact situation, and when the workmen left it was an assurance to the lessees that everything was in

order. The lessor was not called upon to know, under the circumstances, what the condition of the sills and joists covered by the flooring was, nor the condition of the flooring. It appears as a fact that the repairs made were not such as to place the flooring in a safe condition. There is a conflict of testimony as to what the precise cause of the giving way of the flooring was.

Several witnesses say that one of the joists was rotten and gave way; others (among them several workmen) that they were not. One of the latter says the floor gave way some five or six inches from one of the joists, and counsel of plaintiffs suggests that the accident may have arisen from the fact that the ends of the planks were not made to rest upon the joists, but projected beyond and met between them. Whatever may have been the cause, the fact itself remains that the flooring did give way under Mrs. Beecher's weight, and should not and would not have done so had the flooring and joists been in proper condition. The defendant seems to have been a good landlord, and disposed to perform her duty, but these facts do not relieve her from some personal liability in the premises.

Defendants contend that the husband was not a competent witness for his wife, but article 2281 provides that "the husband cannot be a witness for or against his wife, nor the wife for or against her husband, but in any case where the husband or wife may be joined as plaintiffs or defendants, and have a separate interest, they shall be competent witnesses for or against their separate interest therein." The husband and wife were joined as plaintiffs in this suit, each advancing separate interests. We think, as against the general objection made, that the husband was a competent witness. We see no reason to go behind the conclusions of the jury, sustained as they are by the concurrence of the district judge. The judgment appealed from is affirmed.

On Application for Rehearing.

(April 11, 1904.)

PER CURIAM. On further consideration of this cause we have come to the conclusion that the allowance of damages by the verdict was excessive, and should be reduced to the sum of $500.

It is therefore ordered that the verdict and judgment appealed from be reduced to $500, and, as thus amended, the same be affirmed; plaintiffs and appellees to pay costs of appeal. With this modification the rehearing is refused.