O’NIELL, J.
The plaintiff sued for $4,060 damages for personal injuries sustained by her by the falling of the balcony of a bouse owned by the defendant. Judgment was rendered in her favor for $500, and the defendant appealed.
The appellant contends that the plaintiff was a mere trespasser, to whom he owed no obligation as to the condition of the premises. In the alternative, he contends that, if it be held that she had a right to be on the balcony at the time it fell, she was guilty of negligence in going upon it after being warned that it was unsafe. It is not disputed that the balcony was rotten and gave way as soon as the plaintiff stepped upon it. Nor is it disputed that the defendant had been informed of the condition of the premises, had had contractors to examine it with a view of having it repaiied, but had not had the work done.
The plaintiff was not a trespasser. . She was only 17 years old at the time of the accident and lived in the defendant’s house with her mother, who rented from the defendant’s tenant.
The defendant testified that, a few days before the accident, he warned the plaintiff’s mother not to go upon the balcony. But it does not appear that the plaintiff received any warning. We cannot agree with the learned counsel for the defendant that the plaintiff was guilty of negligence in failing to observe that the balcony was so rotten that it could not withstand her weight. There was no obligation on her part to have it inspected or its strength tésted before she walked out upon it from her room.
“The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it. * * * ” R„ O. O. 2322.
“Everyone is bound to keep his buildings in repair, so that neither their fall, nor that of any part of the materials composing them, may injure the neighbors or passers-by, under the penalty of all losses and damages, which may result from the neglect of the owner in that respect.” R. O. O. 670.
“The lessor * * * is responsible in damages” to the lessee and his family “for personal injuries through violation of his general primary obligations to keep his building safe. * * * " Schoppel et al. v. Daly et al., 112 La. 201, 36 South. 322.
The amount of damages allowed for the injuries suffered by the plaintiff is by no means excessive. She has not prayed that the judgment be increased.
The judgment appealed from is affirmed, at the cost of the appellant.