PIERRE, Appellant, v. LEVY

---

(January 18, 1926, Opinion and Decree)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Landlord and Tenant Par. 68.**

The owner of a building is answerable in damages to those, who being lawfully on the premises, are injured by reason of its defects.

2. **Louisiana Digest—Landlord and Tenant Par. 68.**

A negress, residing with a negro tenant, as his paramour, is lawfully on the leased premises, and when injured by reason of the defective condition of the steps leading to the premises is entitled to recover from the owner of the property.

Appeal from Civil District Court, Division "C". Hon. E. K. Skinner, Judge.

Action by Viola Pierre against Aaron Levy for damages for physical injuries.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

Legier & Waguespack, Harry McEnerny

and George P. Nosacka, of New Orleans, attorneys for plaintiff, appellant.

Arthur B. Leopold, of New Orleans, attorney for defendant, appellee.

## OPINION

WESTERFIELD, J.  The plaintiff, claiming to have been the tenant of defendant, sues him for $1000.00 as damages alleged to be due because of physical injuries alleged to have been sustained by plaintiff as the result of a fall caused by defective steps attached to the leased premises.

Defendant denies that plaintiff was his tenant at the time of the alleged accident; denies that she was injured as a result of defective steps, and avers that plaintiff was a trespasser on the property which he (defendant) had leased to one Son Jackson, and, therefore, and in the alternative, if plaintiff was injured, she was unlawfully on the premises and not entitled to recover.

The court a qua rendered judgment for defendant and plaintiff has appealed.

As to whether plaintiff or Son Jackson was the tenant there is much doubt. Both plaintiff and Son Jackson testify that plaintiff always provided the money with which the rent was paid though the receipts given by defendant's agent were in the name of Son Jackson, doubtless because of the defendant's policy which, as he testified, was opposed to renting to women. Both Jackson and plaintiff, who was his concubine, lived in the tenement and Viola Pierre, the plaintiff, seems to have paid all the expenses of the menage. But whether Viola Pierre or Son Jackson was, in contemplation of law, the tenant of defendant is immaterial. The question is, first, was plaintiff injured? And the solution of neither question depends upon whether plaintiff was or was not defendant's tenant, for, as has been repeatedly held, if plaintiff was lawfully on the

premises it makes no difference whether she was a tenant or otherwise. Evans vs. Hollander, 2 La. App. 409, and authorities there cited.

As to plaintiff having been injured by reason of a defective step attached to defendant's property, the evidence clearly preponderates in her favor. She is corroborated by at least one eye witness to the accident (Evelyn Brooks), who says that the steps gave way under plaintiff causing her to fall to the ground and rendering her unconscious. Other witnesses say she was carried into the house unconscious, and a doctor testifies that he treated her for bruises. The suggestion that she slipped down the steps and that the steps did not give way is not supported by the evidence, and, moreover, the defense of contributory negligence is not pleaded. But defendant says she was a trespasser and without recourse, citing Wise vs. Lavigne, 138 La. 218, 70 South. 103.

Defendant's case on this point rests upon the fact that Jackson, who is shown to have been married to another negress, was living with Viola Pierre in the leased premises. He argues that their relation was unlawful and that, consequently, they were using the premises for unlawful purposes. We are referred to no authority for this proposition and we know of none. Counsel seems to confuse the present attitude of a part of Caucasian Society toward the sexual relation with the legislative fiat. We are not concerned with, nor is it our desire to discuss the wisdom of the social edict to which we have referred. We conclude on this point that Viola Pierre was lawfully in the leased premises and is therefore entitled to recover.

There remains the question of quantum. We are not impressed with the effort to prove plaintiff's injuries to have been particularly serious. She says she was in-

capacitated as a result of her injuries for nine weeks with consequent loss of earnings which she puts at $108.00. But her doctor bill was only $6.00, and while she claims to have visited the clinic of the Charity Hospital there is no testimony by any doctor or nurse connected with that institution in the record. However, plaintiff was bruised and, no doubt, badly shaken up (she weighs 232 lbs.), and is entitled to be fairly indemnified. We fix the amount at $200.00.

Aaron Levy, defendant herein, died since the institution of this suit and his widow and universal legatee, Florence Burke Levy, has been made a party.

For the reasons assigned the judgment appealed from is reversed and it is now ordered that there be judgment in favor of plaintiff, Viola Pierre, and against Mrs. Florence Burke Levy, widow of Aaron Levy in the sum of $200.00 with interest thereon at the rate of 5% from judicial demand and all costs.