JOHN SCUDDER *v.* CORNELIUS PAULDING.

Plaintiff leased from defendant an hotel, "with all the appurtenances, and all the household furniture and fixtures belonging to the same." The hotel was supplied with gas fixtures; but on application to the Gas Company, they refused to permit the introduction of any gas, on the ground that an amount was still due for gas supplied to a former tenant for which defendant was responsible, and that, according to their rules, no gas could be supplied to the building until the arrears were paid. Defendant having refused to pay the whole amount claimed by the company, a suit was pending to recover it. *Per Curiam.* The lease entitled plaintiff to call on the Company for gas, on offering to pay for it; but nothing shows that defendant bound

himself that such supply should be furnished. If the gas was improperly refused, plaintiff's remedy was against the company. The defendant caused him no injury by exercising his right of resisting a claim which he deemed illegal.

The omission of a lessor to make the necessary repairs to the premises, will not, where the rent is sufficient to enable the tenant to make them, authorize the rescission of the lease, or a suit for damages. Under art. 2664 of the Civil Code, the lessee may, on the refusal or neglect of the lessor, himself cause them to be made, and deduct the cost from the rent due, on proving that the repairs were indispensable, and the price paid by him just and reasonable.

APPEAL from the Parish Court of New Orleans, *Maurian*, J.

*Grivot* and *Roselius*, for the appellant.

*Preston*, for the defendant.

MORPHY, J. The plaintiff seeks to annul a lease for one year executed to him by the defendant, on the 1st of November, 1840, and claims damages to the amount of $6000, on two distinct grounds or allegations, to wit : 1st. That in the building rented by him, and known under the name of the Planters' Hotel, there are gas fixtures attached to it for the purpose of introducing gas to the bar room, and other parts of the house ; that the use of these fixtures was one of the privileges transferred to him by the defendant ; but that, on application repeatedly made to the Gas Light and Banking Company, they have constantly refused to supply the gas, alleging that there was due for gas by the Planter's Hotel, a sum of $800, which amount the defendant had assumed to pay ; and that until the same was paid, they would not furnish gas to the house, without which, it is alleged to be almost impossible to carry on the business of hotel-keeping, &c. 2d. That the Planters' Hotel, instead of being in a good tenantable condition, is entirely out of repair ; that when it rains, it is impossible to remain in the rooms in the third story, in consequence of leaks in the roof ; that plaintiff, although notified of the condition of the house and of the consequences likely to follow from it, has constantly neglected and refused to make the necessary repairs ; that by the leakage of the roof the plaintiff has suffered considerable injury, and has lost many boarders who have left his house in consequence thereof. The answer denies any indebtedness on the part of the defendant to the Gas Light and Banking Company, or any engagement, or undertaking on his part, to put the plaintiff in possession of the right to obtain gas from the Company, and

pleads the general issue.  There was a judgment below for the
defendant, and this appeal was taken.

I.  The evidence shows, that before and after executing the
lease, the plaintiff frequently applied to the Gas Light and Banking
Company to light with gas the premises leased from the defendant,
but that it was answered that this could not be done, because the
Company had a claim for gas furnished to the Planters' Hotel,
whilst kept by a former tenant, which debt had been assumed by
the defendant, and that under the rules of the institution no gas
could be furnished to the house until the claim was satisfied.  It
further appears, that a suit is pending in the District Court in
which the Company claims of the defendant the $800, but that the
latter resists the claim, averring that he owes only $100, which,
he says, he has always been ready and willing to pay, and which
he has tendered to them.  The lease speaks of no right, or privi-
lege, transferred to the plaintiff in relation to the gas necessary for
lighting the premises.  It mentions as being leased, " the Plan-
ters' Hotel, with all the appurtenances thereto belonging. and with
all the household furniture and fixtures belonging to the same, and
detailed in a schedule annexed to it."  This entitled the plaintiff
no doubt to call upon the Company for a supply of gas, on offering
to pay for it; but nothing in the lease shows any obligation or
undertaking on the part of the lessor to secure to the lessee that
the Gas Company should furnish him with gas.  If they improper-
ly withhold from the plaintiff the gas which, under their charter
they are bound to supply to all those who call for it, he cannot
look to the defendant, who causes him no injury when he exercises
his legal right of resisting a claim which he does not admit to
be correct, and which the evidence in this case does not show
that he actually owes.

II.  In relation to the situation of the house, the evidence shows
that in several rooms in the attic story, the water penetrated from
the roof and occasioned dampness, and even wetness in some of them,
and that these rooms could not be conveniently occupied by board-
ers in rainy weather.  On the other hand, it is in evidence that
the roof of the Planters' Hotel, was entirely made anew in the
year 1838, and was repaired a few days before the plaintiff took
possession of it.  That the winter of 1841, was an extremely wet

and rainy season, and that most of the houses in town leaked that year. The plaintiff has not shown, that by reason of the situation of the rooms in the attic story, which were the only ones affected by the leaks, any boarders were prevented from taking lodgings at the Planters' Hotel, or that any boarders left the hotel in consequence of it. But even had the plaintiff suffered the injury he alleges, he would have no right to sue for the rescission of his lease, or for damages. For the protection of tenants, the law has allowed them the privilege of making, themselves, the repairs which become absolutely necessary during their lease, and of deducting the cost of such repairs from the rent, when the owner refuses to make them. The Civil Code, art. 2664, says : "If the lessor do not make the necessary repairs in the manner required in the preceding article, the lessee may call upon him to do it ; if he refuse or neglect to make them, the lessee may himself cause them to be made, and deduct the price from the rent due, on proving that the repairs were indispensable, and that the price which he has paid was just and reasonable." Under this provision of law the plaintiff had clearly the right to employ workmen, and have the repairs made at the expense of defendant. The rent which was at the rate of $625 per month, was amply sufficient to cover the amount of the costs of such repairs. Upon the whole, we can see nothing which should induce us to reverse the judgment appealed from.

*Judgment affirmed.*