## No. 2961.

### GEO. W. CAMPBELL v. C. A. MILTENBERGER.

The plaintiff knew, as a chemist, that his iron fence, for which he had contracted with defendant, was joined together with material which would necessarily go to ruin, and he saw the ruin commencing within a year after the work was completed. It was then that he should have compelled the defendant to do his work in a proper manner.

It is not sufficient that plaintiff should have repeatedly called the defendant's attention to the bad condition of the fence; he should, as he could, have forced him to a compliance with his contract, and should not have waited seven years to claim, as damages, a greater amount than the fence originally cost. He is only entitled to recover from the defendant the amount which it would have cost to put the fence in a proper condition when it was first discovered that the material used was not suitable for the purposes for which it was intended.

The prescription of one year is not applicable to this case. It applies only to cases arising from damages caused by the commission of an offense or quasi offense.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom, J. Randolph, Singleton & Browne,* for defendant and appellant. *R. H. Marr & M. A. Foute,* for plaintiff and appellee.

MORGAN, J. Plaintiff contracted with the defendant to build him

an iron fence about his dwelling and premises. The fence was built at a cost of a little over $1000. It was erected in 1861.

This suit was instituted in January, 1868. Its object is to recover from the defendant twelve hundred dollars as damages caused by what the plaintiff alleges to be the defective and improper construction of the fence. The trouble seems to be that the top and bottom bars were put on with sulphur, which, coming in contact with the air, forms sulphate of iron, and destroys the rods. Plaintiff says they should have been put on with lead, and this seems to be the opinion of the witnesses who testified on the trial of the cause. The fence was put up while the plaintiff was absent, but he returned shortly afterward, and he says that it was about a year after the work was done that he observed the decay. He is a physician, and, as he says, "necessarily acquainted with chemistry," and he says that the "formation of the sulphate of iron is a necessary consequence of the sulphur and iron having been in contact with dampness; it is impossible to place iron in contact with sulphur without forming sulphate of iron in dampness." He therefore knew, as a chemist, that his fence was joined together with material which would necessarily go to ruin, and he saw the ruin commencing within a year after the work was completed. It was then he should have made his complaint, and compelled the defendant to do his work in a proper manner. It could have been repaired at an expense of some two hundred dollars. He says he repeatedly called the defendant's attention to the condition of the fence, but this was not sufficient; he should, as he could, have forced him to a compliance with his contract. We think he can not be permitted to use the fence for seven years and then call upon the defendant for an amount of damages greater than the fence originally cost, and besides retain in his possession the materials of which it is made, worth, as scrap iron, some $380. But he is entitled to something. It is contended on the part of the defendant that he used the material commonly employed in putting up iron fences. This may be so in some climates, but not in this one. It was an experiment here and it did not succeed, and the defendant knew it had failed in time to make it perfect. He should have done so. He pleads the prescription of one year, relying upon article 2295 C. C., which provides that "every person is responsible for the damage he occasions, not merely by his acts, but by his negligence, his imprudence, or his want of skill." This article governs cases arising from damages caused by the commission of an offense or of a quasi offense, and as the present action is not based upon the one or the other, it does not apply.

We think the plaintiff is entitled to recover from the defendant the amount which it would have cost to put the fence in a proper condition

when it was first discovered that the material used was not suitable for the purposes for which it was intended, say two hundred dollars.

It is therefore ordered adjudged and decreed that the judgment appealed from be amended by reducing the amount allowed to two hundred dollars with legal interest from judicial demand. Appellant to pay the costs in the district court; those of this court to be paid by appellee, and that as thus amended the judgment of the district court be affirmed.

Rehearing refused.