BREAUX, C. J.
Plaintiff sued the defendant for personal injuries suffered by his wife and by himself.
He was defendant’s tenant. There was, it seems, a defect in a shutter hinge of the house occupied by plaintiff, as tenant, and by his wife.
The latter was endeavoring to close the blinds of one of the rooms when the blind broke loose from its hinges, the shutter fell, and in consequence her right hand was severely cut and badly mashed.
Plaintiff charges that was all due to the broken shutter hinge. They charge that the defendant was negligent, as the hinge had been broken for a number of months. He had been requested to make the repair and had promised to make it.
Plaintiff claims damages in the sum of $5,000 for the injury which his wife has *1106 suffered, and for an additional sum of $2,500 for his own mental distress growing -out of the injury to his wife, who greatly suffered for a number of months.
An exception of no cause of action was maintained, from which plaintiffs appeal.
We leave out of all consideration the claim of plaintiff’s husband, and take up for decision the claim of Mrs. Brodtman, the wife.
If no recovery can be had in her behalf, it is very evident that the husband cannot recover anything. A decision adverse to her claim will dispose of the husband’s, for if she does not obtain a judgment he certainly cannot obtain one.
Plaintiff invokes both the statute which binds the lessor, the defendant here, to keep premises leased in proper repair, and in the second place they invoke the promise before mentioned, which defendant had made to them some time previous, to have the proper repairs made.
It is true that the lessor should see to the repairs due by him to his tenant.
Whether the lessor can be held for damages presents the question for decision.
The jurisprudence of this state has spoken upon the subject, and invariably it has been held that the tenant after notice has the right to have the repairs made.
This being the jurisprudence, the tenant is without right to complain of an injury which he could have avoided, for his indebtedness as tenant was over ample to have the repairs made. They would have amounted to an insignificant amount—the price of a «hutter hinge and the very little work of putting it on.
This court has recently construed the arti•cle of the law toubhing repairs by tenants, and declined to condemn the lessor to pay ‘damages when the amount of the rent is sufficient to pay for repairs.
The following decisions are cited in support of that position in the case to which we refer: Scudder v. Paulding, 4 Rob. 428; Westermeier v. Street, 21 La. Ann. 714; Pesant v. Heartt, 22 La. Ann. 292; Diggs v. Maury, 23 La. Ann. 59; Winn v. Spearing, 26 La. Ann. 384; Welham v. Lingham, 28 La. Ann. 903; and Lawrence v. Lelievre, Op. Bk. No. 50, p. 57.
The principles announced in these decisions are applicable. The case to which we first referred above is Lewis v. Pepin, 33 La. Ann. 1417.
Plaintiff places special reliance upon the promise which had been made by defendant to make repairs to which we have before referred.
Plaintiff should have followed up his complaint to his lessor and should have insisted upon the right which the law gave him, and, if in that event the lessor had not complied, then he had the right to have the repairs made.
In the absence of these steps he has no right to damages.
This was the view taken and expressed in another decision upon the subject in which the question relating to the lessor’s special obligation to repair was very similar to the question here. Campbell v. Miltenberger, 26 La. Ann. 73.
We have seen that from Westermeier v. Street, 4 Rob. 428, to date, the line of decisions is unbroken. The jurisprudence, so consistent and harmonious upon a point touching property or touching the lease of property, should not be changed save for the most cogent and urgent reasons.
The repairs required were the most ordinary repairs and did not grow out of the vices and serious defects which are mentioned in article 2695 of the Civil Code.
If the defect had grown out of the vice in construction of the building or other defects of that nature, other questions would have arisen. Then defendant’s guaranty might have been invoked. But, as it is, article 2695 has no application.
“La garantie est due uniquement póur les *1108 vices qui empechent l’usage de la chose.” Baudry, vol. 1, Contract de Louage, p. 212.
“Le locateur est oblige de garantir les vices qui émpéchent entiérement l’usage.” Id.; Laurent, vol. 25, p. 123, No. 114.
Touching his wife’s claim plaintiff takes the special ground that she was a third person, that the duty of making repairs is not imposed on third persons, that she is not under obligation of a lessee, that the injuries inflicted on her are actionable as the claim is part of a personal property under the law.
Conceding that it is as plaintiffs contend on this point, if the wife must be considered as a third person and a guest, she would have to look to the lessee and not to the lessor for damages. This was considered and decided in a ease of somewhat recent date. McConnell v. Lemley, 48 La. Ann. 1433, 20 South. 887, 34 L. R. A. 609, 55 Am. St. Rep. 319.
The husband was the head of the family and the wife under the circumstances really had no claim separate and apart which she could recover as the guest of the lessor. She was part of the family represented by the husband, and his failure to have the repairs made bound her as well. 18 Am. & Eng. Enc. of Law, 217.
For reasons assigned, the judgment is affirmed.
NICHOLLS, J., absent.