FRANK v. SUTHON.

(Circuit Court, E. D. Louisiana. January 20, 1908.)

No. 13,517.

1. NEGLIGENCE — DEFECTIVE PREMISES—STATUTES—APPLICATION—"NEIGHBORS OR PASSENGERS."

Louisiana Rev. Civ. Code, art. 670, provides that every one is bound to keep his buildings in repair so that neither all nor any part of the material composing them may injure the "neighbors or passengers" under penalty of all losses and damages that may result from the owner's negligence in such respect. *Held* applicable only to persons "outside" the building, such as neighbors or passers-by injured by the fall of the building or some part thereof, and does not apply to persons lawfully in the building as guests, tenants, etc.

2. SAME—ASSUMED RISK.

The owner of a building is not liable for injuries to a person by reason of a defect therein where notwithstanding the person injured was warned of the danger, he voluntarily placed himself in a dangerous position, and thereby sustained the injury complained of.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Neligence. § 86.]

3. SAME—STATUTES—CONSTRUCTION—"RUIN."

Louisiana Rev. Civ. Code, art. 2322, declares that the owner of a building is answerable for the damage occasioned by its "ruin" when this is caused by neglect to repair it, or when it is the result of a vice in its original construction. *Held,* that the term "ruin," as so used, means the collapse, falling, or giving way of the whole or of some part of the building whereby some person is injured.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 7, p. 6271.]

4. SAME—DEFENSES—CONTRIBUTORY NEGLIGENCE.

Contributory negligence of the person injured is a complete defense to the owner of a building sued under Louisiana Rev. Civ. Code, art. 2322, providing that such owner is answerable for the damage occasioned by the ruin of a building caused by his neglect to repair or vice in original construction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, §§ 83–85.]

5. LANDLORD AND TENANT—DEFECTIVE PREMISES—INJURIES TO ROOMERS—LIABILITY OF LANDLORD.

Defendant rented a building to certain tenants who used it as a rooming house and rented rooms therein to plaintiff's husband. Plaintiff who lived with her husband, on one occasion walked to the back gallery on the second floor to throw out some water, and, as she placed her hand on the

top rail of the balustrade to steady herself, the rail suddenly gave way because of its rotten and defective condition, and plaintiff was precipitated to the pavement below and injured. *Held*, that defendant was liable for such injuries under Rev. Civ. Code La. art. 2322, providing that the owner of a building is answerable for damage occasioned by its ruin when caused by neglect to repair or vice in its original construction, neither the tenant nor plaintiff's husband being under any obligation to make repairs.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 629–633.]

Frank E. Rainold, for plaintiff.
Zengel, Thomas & Suthon, for defendant.

SAUNDERS, District Judge. The plaintiff herein alleges that the defendant owns a house in this city—2212 Canal street—which he leases to Mr. and Mrs. Wenger, and that they use the house as a boarding and lodging house, and keep a sign posted in a conspicuous place near the entrance, reading, "Furnished Rooms." That Mr. S. O. Frank, the husband of petitioner, engaged rooms on the second floor of this building in March, 1907, and that petitioner and her husband moved into and occupied said rooms. That on April 4, 1907, at or about 4 o'clock p. m., petitioner walked along the back gallery on the second story of said house carrying a basin of dirty water which she intended to throw into the back yard as there was no provision in the house for emptying the slops. That she walked to the end of the gallery and threw the water from the basin, and, as she did so, placed her hand on the top rail of the balustrade of the gallery for the purpose of steadying herself, and thereupon the top rail suddenly and unexpectedly gave way, petitioner falling from said gallery on the second story to the pavement below, a distance of about 16 feet, and was terribly injured by the fall. Further averring the nature and extent of her injuries, petitioner then alleges that the top rail of the said balustrade fell because of its rotten condition, and particularly because of the rotten condition of the ends of the rail, and the rotten and rusty condition of the nails by which this top rail was fastened to the decayed and rotten upright posts, "which decayed and rotten and defective condition of said railing and balustrade and posts made a veritable death trap to any one who might take hold of or lean on or against the same, although said railing and balustrade was constructed to prevent and protect persons using the gallery from falling therefrom, and they would have fulfilled the purpose of their construction, and the accident to petitioner would not have occurred, had said railing and balustrade and posts been in good condition." "Now petitioner avers that said railing and balustrade and posts had never been repaired since its erection, and that the same were old and in need of repairs, and that the owner of the building is answerable for the damages occasioned by their ruin, because the accident was due to his neglect to repair said balustrade and railing and posts, and keep the same in good serviceable condition, and it was through his fault, and his wanton and reckless disregard of the safety and life of any person who might walk upon or use said gallery, that the accident occurred, and said accident was due to his negligence alone." To this petition the defendant interposes the

exception of no cause of action. He insists that if the plaintiff has a cause of action against any one, it is against the lessees, Mr. and Mrs. Wenger.

The Civil Code of Louisiana contains two articles which deal directly with the liability of the owner of a building to persons injured by either its defective condition or its defective construction. The first of these articles reads as follows:

"Art. 670. Every one is bound to keep his buildings in repair, so that neither all, nor any part of the material composing them may injure the neighbors or passengers, under the penalty of all losses and damages which may result from the neglect of the owner in that respect."

This article, it seems to me, was clearly intended to regulate the liability of the owner of a building in damages to his neighbors, or to passers-by, where these are injured by the fall of all or any part of the building; that is, the article deals with a particular case of the liability in damages of the owner of a building, to persons outside the building who are injured by the fall of the building, or of some part thereof.

In the case of McConnell v. Lemley, 48 La. Ann. 1433, 20 South. 887, 34 L. R. A. 609, 55 Am. St. Rep. 319, the Supreme Court of Louisiana held that, under the rule established in article 670, the guests of the tenant had no claim in damages against the owner of a building for injuries they sustained from the fall of part of the building (the front gallery) while they were in the building as guests of the tenant. The facts of the case, however, do not seem to have required any such expression of opinion by the court. A number of persons were calling one evening at the house of a Mr. Burgess. A fire engine passed in front of the house, and some 10 or 12 of the guests rushed out on the gallery to look at the passing engine. The gallery gave way and precipitated the guests to the sidewalk, and in this fall, Miss McConnell's leg was broken. She sued the owner of the house for damages, alleging that the collapse of the gallery was due to its dilapidated and ruinous condition, and to the neglect of the landlord to keep it in proper repair. The court say:

"The cause of the falling of the gallery was fully proved. It was rotten to such an extent that no repairs could have made it safe."

The court then reviews the applicatory authorities and concludes that the owner of the building is liable to only neighbors and passers-by, who may be injured by the fall of the building or any part thereof, and not to persons in the house as guests or licensees of the tenant. And it was intimated that guests or visitors injured by the fall of the building had their recourse against the tenant only. If the decision in the McConnell Case correctly states the law of Louisiana as to the liability of the owner of a building to guests, visitors, or licensees of the tenant, who are injured by the dilapidation of the building while they are therein, the exception of no cause of action interposed by the defendant in this case would have to be sustained. But the dicta in the opinion of the court on this subject were not called for by the facts in that case, and have since been expressly declared by the Supreme Court of Louisiana not to be a correct statement of the law. In the

opinion in the McConnell Case, the court say that the proof at the trial of the case showed:

"That the gallery was not in a condition to stand this unusual strain (the rushing out of ten or twelve guests thereon) is not denied, but on the contrary was generally known among the guests, and that during the course of the evening that the accident happened the visitors were warned and admonished to desist from dancing, as the gallery would not stand the strain it would produce; that, notwithstanding that warning, the guests rushed out on the gallery when the fire bell rang, causing it to give way and fall beneath their accumulated weight, causing the injury complained of to the plaintiff's daughter."

After discussing and stating the law as to the liability of the owner to guests, visitors, or licensees of the tenant, the opinion concludes as follows:

"But in any event the evidence satisfies our minds that the defendant, as owner of the building, has exonerated himself from liability by making all the repairs which he supposed to be necessary to the safety and security of the building; and, if any fault there was on his part, the tenant and his guests contributed, in some degree, to the accident, by not desisting from rushing out upon the gallery as they did after having been warned of the danger of dancing on it."

On the statement of facts made in the opinion of the Supreme Court, the judgment in favor of the defendant (the owner) in the McConnell Case was clearly correct. The plaintiff was a guest or visitor of the tenant of the house, and while in the house was warned not to go on the gallery as it was in a dilapidated condition and might fall. She disregarded this warning and with other visitors went suddenly on the gallery and by her weight and that of her companions, and by the impetus and jarring of their movements caused the very collapse of the danger of which she had been warned. Her own imprudence brought the accident upon her. Conceding that the owner was under an obligation, as to her, to keep the gallery safe, still, when she knew it was unsafe and very likely to fall, and had been expressly told not to go on it, if she chose to go on it and expose herself to the chance of a fall, she had no right to incur this danger at the risk of the owner. The judgment rejecting her demand for damages against the owner was therefore manifestly correct.

Now let us see if the Supreme Court of Louisiana has not repudiated the statement in the opinion in the McConnell Case that the owner of a building is under no liability to visitors, guests, or licensees of the tenant for injuries they sustain by reason of the dilapidation, ruin, and fall of the building or some part thereof. The cases subsequent to McConnell v. Lemley, involving the liability of the owner of a building to persons lawfully in the same and there injured by the fall of the building, or of some part thereof, are Schoppel v. Daly, 112 La. 202, 36 South. 322, 104 Am. St. Rep. 452; Brodtman v. Finerty, 116 La. 1103, 41 South. 329; Bianchi v. Del Valle, 117 La. 587, 42 South. 148; and Christadoro v. Van Behren's Heirs, 119 La. 1025, 44 South. 852. The decisions in all of these cases are made to depend chiefly on the application of article 2322, Rev. Civ. Code, to the special facts in each case. That article reads:

159 F.—12

"Art. 2322. The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction."

This article deals with the liability of the owner generally, and to all persons whatsoever; its provisions apply both to persons within and to persons without the building. By the term "ruin of a building" is meant the collapse, the fall, or the giving way of the whole or of some part of the building whereby some one is injured. Article 2322 provides, in substance, that any person whatsoever, injured by the "ruin" of a building, may hold the owner of that building liable in damages, if the "ruin" which caused the injury was attributable to neglect to repair or to original defective construction. But, as in most other cases where the law declares that specified conduct of one person, resulting in injury to another, shall be deemed faulty conduct and shall render the person so in fault liable in damages to the person injured, it is always open to the person so made liable to show that, in a particular case, the legal cause of the injury was not the defendant's· fault, but the plaintiff's own neglect to take due and reasonable care of himself in a given and known state of facts. Accordingly, the owner will escape liability if he shows that the injured plaintiff knew of the particular danger arising from the neglect to repair or original defect in construction, and yet with full knowledge of such danger, unnecessarily and recklessly exposed himself to the risk of being injured by that danger. The cases above cited all recognize the prima facie liability of the owner, and the inquiry in each case was whether the facts shown constituted a defense to such prima facie liability.

In Schoppel v. Daly, 112 La. 201, 36 South. 322, the facts were as follows: The tenant's wife fell through the floor of the building which gave way on account of its rotten condition. She was badly injured, and sued the owner to recover damages. In her petition she averred that the lessor was bound to keep the house in good order and condition, and to guarantee against all defects and vices. She further alleged that the defects which caused the fall were such as only an architect or builder could have discovered; and that she was ignorant of the rotten and dangerous condition of the floor, and was herself without fault or negligence. Defendant filed the exception of no cause of action, which was finally overruled, and the plaintiff recovered a judgment. , This judgment was affirmed by the Supreme Court, though the sum awarded by the lower court was slightly reduced.

In the opinion affirming the judgment in favor of the wife, the Supreme Court, after stating that the action was not brought under article 2695, Rev. Civ. Code, which imposes on the lessor the obligation of guaranteeing the lessee against the vices and defects of the thing leased, goes on to say:

"The action is one ex delicto for personal injuries to the wife. The existence of contractual relations between two parties is no bar to a right for damages for a tort committed pending the contract, though the contract may more or less affect their rights. Torts are often connected with or founded on contracts. Ballew v. Andrus, Ex'r, 10 La. 219. The husband is not suing in the suit for damages for personal injuries to the wife. She is herself the plaintiff suing on that cause of action. She is certainly authorized to do so. * * * The evidence does not fix with certainty whether Mrs. Beecher (the

plaintiff) or her husband was the lessee of the property. As no mention is made of their being separate in property, we presume that her husband was the lessee, and that her occupancy of a portion of the property for a notion store was through his permission. Her right to damages for personal injuries is distinct from his right to recover damages by reason of his contractual relations, as lessee, with Mrs. Daly. The contract of lease evidenced the fact that she was lawfully on the premises. We do not accede to the proposition that the liability of the owner of buildings for injuries resulting from their defective condition is limited to neighbors and passers-by upon the street; that it does not extend to persons who may be lawfully within the same. * * * Whatever may have been the cause, the fact itself remains that the flooring did give way under Mrs. Beecher's (plaintiff's) weight, and should not and could not have done so had the flooring and joists been in proper condition."

I gather from this decision that the tenant's wife was held entitled to recover damages from the owner and lessor of the building, because her demand was based on tort, and not on her husband's contract of lease; and the defect that caused the accident was concealed and the plaintiff knew nothing of it, and she was not therefore chargeable with any contributory negligence which, if it had existed, might have defeated her claim. The court say that under the lease she was lawfully on the premises by reason of her husband's consent. And she was apparently considered to have the same rights against the owner which any one else, lawfully on the premises, would have had. Under the facts of the Schoppel Case the court held that it was not incumbent on the husband, as tenant, to make any repairs. It was, therefore, not necessary for the court in that case to express any opinion on the question whether, if such repairs had been due by the husband, as tenant, that circumstance would have defeated the right of the wife, or of any one else, lawfully on the premises, to recover damages from the owner. Though the court do not refer to the McConnell Case, the doctrine of that case as to the nonliability of the owner to persons lawfully in the house is obviously overruled. The case clearly establishes the right of any one, even the tenant's wife, lawfully in the house, to recover from the owner damages caused by the "ruin" or rotten condition of the house, unless the owner can establish some contractual relation between himself and plaintiff, or some fault in the plaintiff which would defeat his prima facie right of recovery.

The next case in order of time was that of Brodtman v. Finerty, 116 La. 1103, 41 South. 329. This suit, also, was one by the wife of the tenant. She was attempting to close a blind of one of the rooms, when the hinges upholding the blind broke and the blind fell on her right hand and crushed it badly. The petition alleged that the hinges had been broken for a number of months, and that the landlord had been requested to make, and had promised to make, the necessary repairs. The exception of no cause of action was filed by the defendant to this petition and was maintained both in the lower court and in the Supreme Court. The Supreme Court say:

"The repairs required were the most ordinary repairs and did not grow out of the vices and serious defects which are mentioned in article 2695 of the Civil Code."

The repair required in this case (to the blinds) was one of those trifling and ordinary repairs which the law (Rev. Civ. Code, art. 2716) expressly provides shall be made by the tenant and not by the owner. The owner was not therefore in fault or anyways culpable in not making a repair which the law required his tenant to make. But the plaintiff was clearly chargeable with negligence in attempting to move a blind, resting as she knew, on a broken hinge and which was likely to fall at any moment. Under these circumstances it was not possible that the plaintiff could recover. The court, it is true, does seem to put its rejection of the wife's claim partly on the ground that the husband had not made the repair, and that she could not recover for that reason, as he could not have recovered. But as the judgment was correct on the ground of the wife's contributory negligence, the opinion can hardly be cited in support of the view that the contractual relations and duties of the husband, as tenant, will defeat the wife's claim for damages whenever they would, for the same accident, defeat the husband's claim. The opinion also reverts to the doctrine of McConnell v. Lemley, as if it had not been overruled in the Schoppel v. Daly Case.

The next case, Bianchi v. Del Valle, 117 La. 587, 42 South. 148, is also a case in which the tenant's wife sued for damages sustained by her, by reason of the dilapidated condition of the rented building. The floor of the building became rotted to such an extent that there were several holes in it. The plaintiff alleged that her foot slipped through one of these holes in February, and again the same accident occurred to her in July. The resulting injury was trifling. The court say:

"There was nothing permanent about the injury; there was an abrasion of the skin; nothing was broken or seriously affected; it was painful for a short time, but nothing serious came of it. In order to recover an amount for damages, it should be made to appear with reasonable certainty that the party has suffered serious damages; it should not be a slight, temporary hurt. The testimony has not impressed us as presenting a case sufficiently grave to allow damages."

Further on, the court gives the following as the reason why the wife could not recover:

"There was want of care and attention. It amounts to contributory negligence, which prevents recovery. Moreover, the tenant and the tenant's wife should have avoided the danger, which was apparent."

And again they say:

"The defects were apparent, and the wife knew all about them. None the less, she placed her foot on the spot she should have avoided. Both acts which resulted in the accidents were acts of inadvertence."

Clearly the judgment rejecting the wife's demand for damages for an injury which seems to have been utterly trivial, and which was incurred by her own negligence, was inevitable. But the court again gives us an additional reason—that the wife was barred by the negligence of the husband. They say:

"The right of the tenant to make repairs under circumstances of this case is clearly set forth in Scudder v. Paulding, 4 Rob. 430. * * * The hus-

band could have so acted as to have prevented the injury. His act of omis-
sion bars the wife from recovering."

The decision of the case, as I have just shown, did not require any
expression of opinion on this point, and this statement of the court
must be regarded as obiter, especially as the court in other parts of the
opinion reaches conclusions which seem inconsistent with holding the
wife barred by the husband's failure to make the repairs.

At the trial of the case in the lower court, the husband was offered
as a witness to testify in favor of his wife. His testimony was ex-
cluded, and in sustaining the judgment on this point, the court refer to
the Louisiana statute, which forbids the husband to testify on behalf
of his wife except in matters wherein he acted as her agent. And the
court held that the husband was not, in any sense, the agent of the
wife in making the lease. The court say:

"But a husband who becomes the tenant of a house with a guaranty
against the vices and defects, does not act as the agent of the wife, and he
is not a competent witness if an accident happens to her while occupying the
house with her. The accident is a separate incident from the lease. * * *
The husband became the lessor without further stipulation than that he was
to be the lessor. His wife or any other member of his family were not men-
tioned in any way in matter of the lease; there was nothing said about them.
There was no agency, and therefore the husband was not brought under the
terms of the law which allows the husband when agent to testify regarding
the acts of his agency. She (the wife) was not a party to the lease."

On principle, this last statement of the court seems to be correct.
The wife could neither sue nor be sued on the contract of lease. She
incurred no obligations, and acquired no rights under it. But her hus-
band, as lessee, was entitled to invite her into the leased premises.
Whatever may have been the contractual relations between the hus-
band and the lessor, the wife was no party to those relations, and was
not, in any manner, bound by them. The wife of a tenant is in the
same situation as any other person lawfully on the premises, and has
the same rights which any person, lawfully on the premises, would
have.

The last of the cases above referred to is the case of Christadoro
v. Van Behren's Heirs, 119 La. 1025, 44 South. 852. In that the court,
in criticising the decision of McConnell v. Lemley, 48 La. Ann. 1433,
20 South. 887, 34 L. R. A. 609, 55 Am. St. Rep. 319, say:

"We suspect the organ of the court in the Lemley Case understood this to
mean that the responsibility imposed by article 1386 (our article 2322) is ab-
solutely restricted to neighbors and passers-by—i. e., to those outside of the
house—and does not extend to those inside. But such is not the idea in-
tended to be conveyed. What is meant is simply that the relations of those
who have a contract are governed by the contract, and the relations of those
who have no contract are governed by the general principles of the law em-
bodied in this and other articles of the Code. In other words, the line of
cleavage is between those who have, and those who have not, a contract, and
not between those who are outside, and those who are inside, of the house."

And in the syllabus by the court to this case, it is said:

"McConnell v. Lemley, 48 La. Ann. 1433, 20 South. 887, 34 L. R. A. 609,
55 Am. St. Rep. 319, in so far as holding that the responsibility provided for
by article 2322, Civ. Code, is restricted to neighbors and passengers, is over-
ruled."

I think it is clearly the law, then, that the landlord and owner of the building is liable in damages to all persons who are lawfully in his building for injuries sustained by them as the result of the dilapidated condition of the building; unless such persons are debarred from recovering by reason of special contractual relations between themselves and the owner, or by reason of contributory negligence on the part of the persons injured, or other lawful defenses.

The wife of the tenant is not debarred from recovering by reason of the fact that her husband is the tenant. His tenancy creates no contractual relations of any kind between her and the owner. The wife, therefore, can recover, unless her claim is defeated by proof of contributory negligence on her part. A fortiori are these conclusions true of the wife of a mere roomer. The roomer has no right to make repairs, either as against the lessee or against the owner of the building. It is, therefore, no negligence of his not to make repairs.

Further, it seems to be the unquestioned law that even the lessee is under no obligation to make repairs, and is not in fault for not making repairs when the defects are concealed or nonapparent, and I cannot infer from the averments of the petition in this case that the defects were apparent or known to the plaintiff in this case, or to anybody else. It is a matter of common observation that boards about a house will rot on the inside while the outside affords no indication of the existence or extent of the decay on the inside.

For the reasons given, the exception of no cause of action must be overruled, and the defendant must file his answer.