(76 South. 583)

No. 22467.

## CIACCIO v. CARBAJAL.

(June 30, 1917. Rehearing Denied Oct. 29, 1917.)

*(Syllabus by Editorial Staff.)*

1. LANDLORD AND TENANT ⟜169(3) — ACTIONS FOR INJURIES—PLEADING.

In an action by a tenant's wife against the landlord for injuries caused by defective steps, an allegation in the petition that due notice of the condition of the steps had been given to defendant did not show that plaintiff had notice of their condition, it not being alleged that the notice to defendant was given by plaintiff, and it being entirely possible that she had no knowledge thereof until after the accident.

2. LANDLORD AND TENANT ⟜164(2)—LIABILITY FOR INJURIES—FAILURE TO REPAIR.

Under Civ. Code, art. 2315, providing that every act of man that causes damage to another obliges him by whose fault it happened to repair it, and article 2322, providing that the owner of a building is answerable for the damage occasioned by its ruin when this is caused by neglect to repair it, though a lessee cannot recover for injuries caused by the landlord's failure to make such repairs as the lessee is authorized by the Code to pay for out of the rent, the fact that the lessee might have paid for repairs out of the rent does not prevent a recovery for injuries to the lessee's wife, as liability under article 2322 cannot be restricted to neighbors or passengers in view of article 670, expressly providing that every one is bound to keep his buildings in repair, so that neither their fall, nor any part of the materials composing them, may injure neighbors or passengers.

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

Action by Anna Ciaccio against Bernardo G. Carbajal. From a judgment dismissing the suit, plaintiff appeals. Judgment set aside, and case remanded.

Armand Romain, of New Orleans, for appellant. Cheri A. Miranne, Jr., and Gaudet, Carbajal & Williams, all of New Orleans, for appellee.

PROVOSTY, J. Mrs. Ciaccio claims $10,000 damages of defendant for that the steps leading from the kitchen to the yard of the premises leased by her husband from the defendant, where she and her husband resided, broke down under her weight, causing her to fall and fracture her left arm; that the said steps were too steep, improperly adjusted to the building, of lumber too thin to support the weight of an ordinary person, and that the tread which gave way as she stepped upon it was cracked, worn, and weakened, and dangerous and unsafe; that defendant had been notified of the dangerous condition of said steps, and had repeatedly promised to have same rebuilt, but constantly failed to do so; that the repairing or rebuilding of said steps in order to make same reasonably sound and safe were such repairs as under the law the landlord was under the obligation to make.

An exception of no cause of action was sustained, and plaintiff's suit dismissed.

Two reasons are assigned in support of this exception: First, that plaintiff was guilty of contributory negligence by continuing to use the steps after she had become aware of their dangerous condition. Second, that she derived her right to be on the premises through her husband, the lessee, and therefore could have no better right than he would have had if the injury had been to him, and that he in such case would have had no right of action, because he would himself have been at fault in not having caused the repairs to be made; the law having authorized him to do so and to deduct the expense from the rent.

[1] For saying that plaintiff knew of the dangerous condition of the steps defendant relies upon that allegation of the petition wherein it is said that due notice of the condition had been given to defendant. But the allegation is not that plaintiff gave this notice; and, as a matter of course, it may have been given without her knowledge, and she have learned of it only after the accident.

[2] Plaintiff does not admit that her husband was under any obligation to make these repairs or was in any way at fault. Her

contention is that the Code mentions expressly the repairs which the lessee is under obligation to make, and that the repair to steps is not one of them. That while her husband had the right to cause these repairs to be made and pay for same out of the rent he was not obliged to do so, and owed no duty in that regard, and therefore failed in none; and hence would have had a right of action if the injury had been suffered by him instead of by her.

That contention goes against the settled jurisprudence, expressed in Lewis v. Pepin, 33 La. Ann. 1422, as follows:

"The failure of the lessor to make repairs will not sustain a claim for damages by the lessee, when the rent is sufficient to enable the lessee to make them, because, in such case, the lessee is authorized to make them himself and to deduct the cost from the rent."

The repairs thus spoken of are those which may be paid for out of the rent, and therefore they are those which the lessor must make, and not those which are expressly mentioned in the Code as having to be made by the lessee, for the latter are not to be paid for out of the rent, but must be paid for by the lessee himself out of his own pocket.

But does the wife in such a case have to claim through her husband, the lessee, and are her rights to be measured by his? In two cases it has been so held: Brodtman v. Finerty, 116 La. 1103, 41 South. 329, and Bianchi v. Del Valle, 117 La. 590, 42 South. 148, but more by way of obiter dictum than otherwise, as has been very well pointed out in Frank v. Suthon (C. C.) 159 Fed. 174, and upon citations which relate to entirely different propositions. Thus in Bianchi v. Del Valle, the authorities cited have reference to the minimizing of damages; and in Brodtman v. Finerty, the authority cited (18 Am. & Eng. Ency. of L. 217) has reference to a suit brought by the lessee himself. In those two cases the court lost sight entirely of article 2322, reading:

"The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction."

And in those two cases the court lost sight also of the decision in Schoppel v. Daly, 112 La. 201, 36 South. 322, where, interpreting said article, this court held that the wife had an action in her own legal right ex delicto under it, independently altogether of the lease contract.

We know of no provision of law making an exception to said articles 2315 and 2322 by which their scope should be limited so as not to include the members of a lessee's family or the guests or other persons on the leased premises by invitation of the lessee. As to a person other than the wife the scope of the article was so extended in Cristadoro v. Von Behren, 119 La. 1025, 44 South. 852, 17 L. R. A. (N. S.) 1161.

That these persons do not occupy a contractual relation with the lessor is well illustrated by the fact that at common law the right of action which is accorded to them in cases where the lessor has covenanted to keep the premises in repair is not based upon the existence of a contractual relation between them and the lessor, but distinctly and solely upon "the theory of an avoidance of a circuity of action." Note, 93 Am. St. Rep. 504, where the question is fully gone into and cases collated. Their right of action is held to be against the lessee; but they are allowed to sue the lessor, because the lessee if condemned could in turn sue the lessor whereby there would be two suits instead of one.

A lessee who has suffered injury from a defect he knew of, and could have remedied at the expense of the lessor, has to a large extent himself to blame; he has contributed to his injury; the maxim "volenti non fit injuria" may to some extent be applicable to him; whereas a member of his family or a guest upon the premises at his invitation,

who did not have the same right and opportunity to remedy the defect, and is entirely blameless, occupies an entirely different legal position. It would be rather a stretching of things to say to these persons that they should have induced the lessee to exercise his right to remedy the defect at the expense of the lessor. In the case of Lewis v. Pepin, supra, the wisdom of this doctrine even as applied to the lessee himself is doubted; but the jurisprudence on that point is considered to be too firmly established to be shaken.

Our conclusion is that we must overrule the said two cases in so far as they identify the wife with the husband in that manner. And in so doing we have the satisfaction of knowing that this was the view adopted by the District Court of the United States for this judicial district when presided over by Judge Saunders, one of the ablest lawyers this state has produced and perhaps the most profoundly versed in the civil law. See Frank v. Suthon, supra. We repeat here what was said in Cristadoro v. Von Behren, supra, that the line of cleavage under the said article 2322 is not between those who dwell inside and those who dwell outside, or happen to be inside or outside, of the house, but between those who have and those who have not a contractual relation with the lessor. The French authorities are not clear on this point, though, we must admit, they seem to assume that the article has application only to "neighbors or passengers." Why this should be so, they give no reason; and in the Von Behren Case French decisions are cited to the contrary. But even if this restrictive interpretation were proper under the French Code, it would not be proper under ours, for we have an article providing specially for injury to "neighbors or passengers" from the ruin of buildings; and if article 2322 were thus restricted to "neighbors and passengers" it would be made simply to repeat what had already been said in a previous article of the

Code, and thus would be robbed of all utility. It would be made to say something it has not said, and which had already been said in express terms in a previous article. Thus:

"Art. 670. Every one is bound to keep his buildings in repair, so that neither their fall, nor that of any part of the materials composing them, may injure the neighbors or passengers, under penalty of all losses and damages, which may result from the neglect of the owner in that respect."

The judgment appealed from is set aside, the exception of no cause of action is overruled, and this case is remanded to be proceeded with according to law. The defendant to pay the costs of this appeal.

LECHE, J., takes no part. O'NIELL, J., concurs in the decree.