HERO v. HANKINS.

(Circuit Court of Appeals, Fifth Circuit.   December 19, 1917.   Rehearing
Denied February 18, 1918.)

No. 3075.

1. LANDLORD AND TENANT ⬥➝167(1)—DEFECTS IN PREMISES—LIABILITY OF
LANDLORD.
     Civ. Code La., art. 670, declares that every one is bound to keep his
buildings in repair so that neither all nor any part of the material com-
posing them may injure the neighbors or passengers, under penalty of all
losses and damages which may result from the neglect of the owner,
while article 2322 declares that the owner of a building is answerable
for the damage occasioned by its ruin, when this is caused by neglect to
repair it or when it is caused by a vice in original construction.   Held,
that the articles impose a 'duty on the owner of a building to keep it in a
safe condition and make him answerable for damages occasioned by its
ruin, fall, or collapse, whether such is due to structural vice or neglect
to repair, and the owner cannot acquit himself of liability as to third
persons lawfully on the premises by contracting with his tenant that
the latter shall make repairs demanded of the owner by statute; but such
freedom from liability extends only to those in privity with the tenant.
2. LANDLORD AND TENANT ⬥➝164(5)—DEFECTS IN PREMISES—LIABILITY OF
LANDLORD—PRIVITY OF LESSEE.
     The wife of one who rented two rooms, together with an appurtenant
gallery, from the tenant of the premises who contracted to maintain them
in repair, is not in such privity with the tenant that her recovery pur-
suant to Civ. Code La., art. 2322, for injuries resulting from the col-
lapse of the gallery railing, can be defeated even though the lease required
the tenant to keep the premises in repair and freed the landlord from lia-
bility as to the tenant for damages caused by vice or defects in the prop-
erty except for neglect to make repairs after reasonable written notice.

Appeal from the District Court of the United States for the Eastern
District of Louisiana; Rufus E. Foster, Judge.

Action by Mrs. Rosa Hankins against Mrs. George A. Hero.   From
a judgment for plaintiff, defendant appeals.   Affirmed.

James Wilkinson and Wm. S. Hero, both of New Orleans, La., for
appellant.

T. Semmes Walmsley and Michel Provosty, both of New Orleans,
La., for appellee.

Before WALKER and BATTS, Circuit Judges, and EVANS, Dis-
trict Judge.

EVANS, District Judge.   The controlling question is the liability of
the owner of a building to the wife of a roomer, who had engaged two
rooms of the tenement with an appurtenant gallery from the owner's
tenant, for injuries sustained in consequence of the collapse of a defec-
tive railing of the gallery.   Mrs. George A. Hero is the owner of a
two-story dwelling house at 1426 Carondelet street, in the city of New
Orleans, La.   She leased the dwelling and premises to August Muller,
who was acting for and in behalf of Mrs. Maria Martin.   The lease,

which was for a year and in writing, obligated the lessee to keep the premises in good order, and contained a stipulation that the owner will not be responsible for damages caused by any vices or defects in the property, except for neglect to make repairs after reasonable written notice. Mrs. Martin rented by the month two upstairs rooms, with an appurtenant gallery, to the husband of the plaintiff. During the plaintiff's occupancy she washed a pair of hose, and hung them on the railing of the gallery that they might dry. Shortly afterwards she discovered that one of them had been blown off. She placed her hand on the rail to look into the yard below, and as she leaned forward the railing gave way, and she was thrown on the brick pavement below, sustaining serious injuries. She brought suit against the owner of the building and recovered a judgment, and the owner sued out a writ of error.

[1] In determining the liability of the owner of a demised tenement with respect to persons injured either by its defective condition or its defective construction, we look to the following provisions of the Civil Code of Louisiana:

"Art. 670. Every one is bound to keep his buildings in repair, so that neither their fall, nor * * * any part of the materials composing them, may injure the neighbors or passengers, under the penalty of all losses and damages, which may result from the neglect of the owner in that respect."

"Art. 2322. The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction."

In McConnell v. Lemley, 48 La. Ann. 1433, 20 South. 887, 34 L. R. A. 609, 55 Am. St. Rep. 319, the Supreme Court of Louisiana construed these articles as being in pari materia, and exclusively related to injuries which may be occasioned by falling walls, or materials composing them, upon neighbors or passers-by, and not to those resulting to occupants of the building or guests therein assembled, and denied a recovery to a guest who was injured by the fall of a gallery.

In Brodtman v. Finerty, 116 La. 1103, 41 South. 329, and Bianchi v. Del Valle, 117 La. 590, 42 South. 148, it was said that the claim of a wife of a tenant to any recovery from the owner of the building was through her husband, and her rights were measured by his.

In a later case (Cristadoro v. Von Behren's Heirs, 119 La. 1025, 44 South. 852, 17 L. R. A. [N. S.] 1161), the Supreme Court criticized the ruling in McConnell v. Lemley, supra, and in the syllabus it was said that the holding to the effect that the responsibility provided for by article 2322, Civil Code, is restricted to neighbors and passengers, was overruled.

All of the foregoing cases were examined by Judge Saunders, of the United States District Court of the Eastern Division of Louisiana, in Frank v. Suthon (C. C.) 159 Fed. 174, and held not to preclude a holding:

"That the landlord and owner of the building is liable in damages to all persons who are lawfully in his building for injuries sustained by them as the result of the dilapidated condition of the building; unless such persons

are debarred from recovery by reason of special contractual relations between themselves and the owner, or by reason of contributory negligence on the part of the persons injured, or other lawful defenses."

Very recently the Supreme Court of Louisiana was called upon to decide the right of the wife of a tenant to recover of the owner of a building damages for injuries sustained, as being measured by the rights and restrictions of the tenant. Ciaccio v. Carbajal, 76 South. 583. The court reviewed the former cases, and overruled them in so far as they identified the wife of a tenant with him as affecting her right to recover of the owner for personal injuries sustained because of the defective condition of the demised premises. That decision goes to the point that article 2322 of the Civil Code of Louisiana raises a duty on the part of the owner of a building to keep it in a safe condition, so that it may not injure by its ruin any one lawfully therein, and this duty, owing to a person lawfully therein, is not absolved by the tenant's failure to make the necessary repairs; that the wife of a tenant is lawfully on the premises, but is not in such privity of contract with the owner as to deny a recovery against him on the ground that the tenant did not perform his contract. The Louisiana statute, as thus construed (article 2322), imposes a duty on the owner of a building to keep it in a safe condition, and makes him answerable for the damage occasioned by its ruin—i. e., fall or collapse—whether such is due to structural vice or neglect to repair. The owner cannot wholly acquit himself of liability by contracting with his tenant that the latter shall make the repairs demanded of the former by the statute. The tenant will be bound by his contract; but one lawfully on the premises, who is not a privy with him, will not be bound.

[2] It may be said that the wife, or servant, or guest, is in privity with the tenant, and that their rights are no greater than his. But, as has been pointed out, the Supreme Court of Louisiana in its latest exposition of the law on the subject expressly refused to limit the scope of the statute (articles 2315 and 2322) so as to exclude from its protection members of a lessee's family, or the guests, or other person on the leased premises by invitation of the lessee. A tenant's wife or guests are not parties to his contract, and certainly the presence of a wife in her husband's home, or the gathering of invited guests there, cannot be said to be unlawful.

In the case at bar the lease contract contained a stipulation that the tenant received the premises in good order and obligated himself to keep the same in like good order during the term of the lease, and a covenant that the lessor will not be responsible for damages caused by any vices or defects of the leased property, except in case of positive neglect on his part to have the repairs made within a reasonable time after receiving from the lessee written notice of such defects. The plaintiff is not the wife of the tenant, but is the wife of one to whom the tenant rented two rooms of the demised tenement, with the appurtenant gallery. It would be carrying the doctrine of privity of contract beyond its legitimate scope to classify her as privy to the contract with the owner of the building. She comes within the protection of the statute, and the owner's contract with his tenant that he shall

perform the duty imposed by statute does not absolve from liability the owner of the building for the neglect to perform his statutory duty, personally or through his contractual substitute—the tenant.

The facts authorized a recovery, and we discover no error in the trial. The judgment is affirmed.