NO. 7377

J. M. Couget

   vs

Steve Dasaro.

STATE OF LOUISIANA

COURT OF APPEAL

PARISH OF ORLEANS.

# OPINION.

St. Paul, Judge.

The Heirs of Romaguera leased certain property to one Leonard, who furnished his notes for the rent.

Leonard in turn leased to Couget, the consideration being that the latter should pay the aforesaid rent notes to the acquittance and discharge of Leonard.

Couget then leased to Dasaro, the consideration again being that Dasaro should pay the aforesaid rent notes in the place and stead of Couget.

All three leases bore that failure to pay any one note should mature them all, and stipulated for 10% attorneys fees in case of suit.

Dasaro failed to pay; and thereupon Couget sued for the whole amount of the rent and took out this provisional seizure.

As plaintiff failed to allege (or even to prove on the trial) that <u>at the time this suit was</u> ~~####~~ <u>brought</u>, he (plaintiff) was the holder of the aforesaid rent notes, or that he had paid them, defendant filed a defense based partly, and an exception of no cause of action based wholly on these grounds.

In as much as defendant might indeed assert, with some show of reason, that if he paid the rent to Couget he might be called upon to pay it a second time to the holder of the notes, we are not prepared to hold such a plea, or even an appeal pursuant thereof, to be <u>frivolous</u>. Nevertheless, for reasons which we will presently point out, the defendant and plea are not well founded.

But first of all let us observe that the Heirs of Romaguera, who appear to have been the holders of said notes at the time this suit was filed, have appeared in answer to defendant's appeal and have asked <u>by their answer in this court</u> that the judgment in favor of plaintiff be affirmed.

248

As this turn of affairs has completely eliminated any possibility of defendant being called upon to pay the claim a second time, we might (as to that phase of the matter) stop right here, if it did not raise the question whether defendant should be condemned for the costs of all these proceedings. On that head it behooves us to show that plaintiff had a right to institute this suit even in face of such a possibility.

11.

Now in the last analysis, Leonard merely assigned his lease to Couget, and in turn Couget assigned it to Darsaro. *Had Leonard and Couget, at the time,* obtained their own release from liability upon the rent notes, it is clear that neither would had any interest in this suit or in the subject matter thereof.

But as they did not obtain such release the consequence was that, as between Leonard and Couget, the latter became the principal debtor and the former remained of necessity a surity for Couget, *and* it is the same as to Couget and Dasaro; as between themselves Dasaro, who occupied the premises and agreed to pay for them, is *See 32 Cyc 85* the principal debtor and Couget is only his surity.

Of course as to Romaguera they were all liable in solido; but in the very nature of things two persons cannot, as between themselves, be both liable as principals for the whole of one and the same debt. If the debt concerns them both (i.e. if it be for their joint benifit) they are, between themselves, jointly liable, C. C. 2103; and if the debt concern only one of them ( i. e. if one of them has received the whole benefit) that one is the principal debtor and the other is only his surity, C. C. 2106.

In plain words, Couget has no interest in this suit merely because he leased to Darsaro and Darsaro has not paid Romaguera. His interest arises solely because of his own liability towards Romaguera and Dasaro's promise to discharge that liability in his stead. That is to say his interest is that of a surity and not that of a landlord.

249

*Now the rule of the common law is, that a surety has generally*
*no right of action*

no right of action against the principal debtor unless and until
he has first paid the debt (32.Cyc 244-245, and note 13).

But under the regime of our Code the surity, _even without
having paid the debt_, has a right of action against the principal
debtor to be indemnified by the latter, as soon as the debt matures,
Dickey vs Rogers, 7 N. S. 588.
Thompson vs Wilson, 13 La 138.
Mudd vs Rogers, 10 An 648.
Edwards vs Prather, 22 An 371.

Plaintiff had therefore the right to institute this suit when
he did even though he may not have paid the notes at the time.

111.

Defendant alleged and attempted to prove that he suffered
certain damages by reasons of leaks in the roof which Romaguers
had promised but failed to repair.

The trial judge refused to hear evidence on that issue, and
properly so. Whatever we may think of the soundness of the proposit&
ion in itself, it is nevertheless the well settled jurisprudence of
this State, that when the lessor fails, neglects or refuses to make
the repairs due by him, the lessee must make them himself and deduct
the amount from the rent; and failing to do so he has no claim
against his lessor for the ensuing damages.
Lewis vs Pepin, 33 An 1417.
Welham vs Lingham, 28 An 903.
Winn vs Spearing, 26 An 384.
Diggs vs Maury, 23 An 59.
Pesant vs Heart, 22 An 292.
Westermeier vs Street, 21 An 714.
Scudder vs Paulding, 4 Rob. 428.

And besides, as was said in Lewis vs Pepin, the undertaking of
defendant (in the lease between plaintiff and himself) to keep the
premises in good #### repair releived the plaintiff from the
obligation which the law would otherwise have imposed on him of

making repairs to the roof.

And as to Romaguera, and his promise, the judgment reserves defendant's rights if any he has for damages.

IV.

The appellee asks damages for a frivolous appeal. As we have said, we do not consider the appeal frivolous, though the judgment *be* correct.

Judgment Affirmed.