## FARVE v. DANNA.

### No. 16740.

Court of Appeal of Louisiana. Orleans.

June 13, 1938.

John J. Conners, M. C. Scharff, and Manuel I. Fisher, all of New Orleans, for appellant.

Charles A. Danna, of New Orleans, for appellee.

McCALEB, Judge.

Plaintiff brought this suit against the defendant owner of the property No. 1555 North Rocheblave St. in the City of New Orleans seeking recovery of damages for the personal injuries she sustained on October 7, 1934, while occupying the premises. She alleged that her husband rented the property from the defendant by verbal lease from month to month; that, on the date of the accident, she was walking in the alleyway of the premises when a wooden door on the side of the house fell and

struck her and that, as a consequence, she sustained severe injuries. She further charged that the sole cause of the accident was the failure of the defendant to keep the property in repair.

To this petition, the defendant filed exceptions of vagueness and no right or cause of action. The exception of vagueness was sustained by the court and plaintiff was ordered to amend her petition. In accordance with the ruling of the judge, plaintiff thereupon filed a supplemental petition in which she specifically alleged that the fall of the door was due to the fact that:

"(a) The hinges on the said door were old, rusty, worn and broken, so that they were not sufficiently strong to hold the weight of the solid wooden door that fell and struck petitioner on the head;

"(b) And where the hinges were fitted onto the door and onto the door frame the woodwork was in a state of decay."

To the petition, as amended, the defendant again filed exceptions of no right or cause of action which were overruled. In due course, she answered and denied that she was guilty of any negligence whatsoever.

After a hearing on the merits, there was judgment in favor of the defendant and the plaintiff has appealed.

Our brother below based his judgment on Harris v. Tennis, 149 La. 295, 88 So. 912, wherein it was held that the wife of a tenant is not entitled to recover damages for injuries sustained as a consequence of defects in the leased premises where such defects existed by reason of the tenant's failure to repair the parts of the leased premises chargeable to him under Art. 2716 of the Revised Civil Code.

The result reached by the court a qua was correct. In fact, the case should have been dismissed on the exception of no right or cause of action filed by the defendant to the supplemental petition.

The pertinent part of Art. 2716, which is applicable to this case, provides:

"The repairs, which must be made at the expense of the tenant, are those which, during the lease, it becomes necessary to make:

\* \* \* \* \* \* \* \* \* \* \* \* \*

"To windows, shutters, partitions, shop windows, locks and *hinges,* and everything of that kind, according to the custom of the place." (Italics ours.)

The plaintiff, having asserted that the cause of the accident was due to the defective hinges of the door which fell upon her, has shown conclusively that she is without a cause of action against the defendant owner of the property forasmuch as, under the above quoted codal article, the duty was imposed upon plaintiff's husband (the tenant), and not upon the defendant, to keep these hinges in repair. The case, therefore, falls squarely under the doctrine announced by the Supreme Court in Brodtman v. Finerty, 116 La. 1103, 41 So. 329, and Harris v. Tennis, supra. See, also, Hutchins v. Pick, La. App., 164 So. 173, and Tesoro v. Abate, La. App., 173 So. 196.

Since it is apparent that the allegations of plaintiff's petition clearly reveal that she has no cause of action against this defendant under the law, it is unnecessary for us to consider the merits of the case as the pleadings have not been enlarged by the evidence taken at the trial.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.