No. 9786.

Orleans Appeal.

WILLIAM MORGAN, ET AL., v. KATIE CUSIMANO AND JOSEPH FERRO, Appellants.

(April 13, 1925, Opinion and Decree.)
(April 27, 1925, Rehearing Refused.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Landlord and Tenant —Par. 66, 69.**

A tenant who sublets a portion of the leased premises is answerable for damages suffered by his sub-lessee due to the failure to keep the premises in safe repair.

2. **Louisiana Digest—Landlord and Tenant —Par. 59.**

The privilege conferred upon the lessee under Art. 2694 R. C. C. of causing repairs to be made to leased premises at the expense of lessor creates no obligation upon the lessee to make such repairs.

Appeal from Civil District Court, Hon. William H. Byrnes, Judge.

This is a suit for damages for personal injuries sustained by a child in a fall from a second story gallery. There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

Woodville & Woodville, attorneys for plaintiff and appellees.

H. M. Ansley, attorney for defendant and appellants.

WESTERFIELD, J. William Morgan and Odeal Morgan, father and mother of the minor, Edward Morgan, sue Mrs. Katie Cusimano and Joseph Ferro *in solido*, claiming fifteen thousand dollars for personal injuries alleged to have been sustained by their said child as the result of a fall from the gallery of the second story of the premises No. 406 Burgundy Street, due, it is alleged, to the defective material and rotten condition of the railings inclosing the said gallery. Plaintiffs were sub-tenants of Ferro and Mrs. Cusimano was alleged to be the owner of the premises and their responsibility for the accident based upon their obligation as owner and lessor, respectively under familiar provisions of the Code.

Upon the trial of the case it developed that Mrs. Cusimano was not the owner and there was judgment dismissing the suit as to her and in plaintiff's favor for $500.00 as against Ferro.

Ferro has appealed. No amendment of the judgment in plaintiff's favor is asked.

An exception of no cause of action was filed below based upon the contention that Ferro was under no obligation to keep the premises in repair and his failure to do so was not actionable for the reason that he was a tenant or lessee and that under Art. 2716 of the Civil Code the repairs which a lessee is required to make do not contemplate the railing or bannisters of a gallery. This argument completely ignores the fact that Ferro, while a lessee of the owner of the property, was also a lessor of plaintiffs. The exception was properly overruled.

The evidence shows that the child was standing on the gallery with a burning "sparkler", a species of fireworks which is held in the hand and emits stars of light as it burns. The child fell or leaned against the bannisters, which gave way under its weight and it fell to the pavement below. There is some testimony tending to show that the child leaned through an opening in the bannisters, but it is not established. There is also testimony tending to prove that plaintiffs knew of the defective railing before their child met with the accident. Defendant and another witness testify that Morgan, the child's father, asked for a hammer, some nails and a plank and was given these articles for the express purpose of repairing the railing on bannisters surrounding the gallery. This

the plaintiff, Morgan, denies, but it is immaterial since even if he knew the gallery needed repairs under the jurisprudence his action would not be prejudiced unless it is shown that he knew the bannisters were unsafe for the use of his five-year-old child. See Ciaccio vs. Carbajal, 145 La. 869, 83 South. 73.

Defendant also contends that the repairs should have been made by the lessee and taken out of the rent and failing so to do his action against the lessor is barred. Whatever may have been the former jurisprudence on this point it is now well settled that the right given the tenant under Art. 2694 R. C. C. to have repairs made at the expense of the lessor is a privilege conferred and not an obligation imposed upon the lessee. Boutte vs. N. O. Terminal Co., 139 La. 945, 72 South. 513; and Ciaccio vs. Carbajal, 145 La. 887, 83 South. 73.

There remains the question of quantum. The trial court allowed five hundred dollars. The child is said to have suffered a fracture of the base of the skull. The tentative diagnosis of the Charity Hospital physicians, to which institution the child was conveyed immediately after the accident, so describes the injury. There is considerable doubt in our minds as to the correctness of this preliminary diagnosis. Dr. Thibaut, testifying for defendant, says:

Q. What is the idea of the doctors in making a diagnosis as in this case, fracture of the skull, does that mean a probable or possible fracture?

A. That is probably a tentative diagnosis until further examination may prove or disprove the original diagnosis. In other words, we have the X-Ray and we have symptoms that may develop subsequently in brain condition that will corroborate or not the original diagnosis made.

Q. Was such a diagnosis made to figure in the treatment administered, in other words, if the diagnosis is wrong, and the injury instead of being a fracture of the skull was only a severe bruise, would the treatment for the more severe injury apply to the lessor injury?

A. Yes, sir.

Q. What would you say, that the patient's injuries were serious or trivial?

A. I do not think that a real serious brain injury would have kept that boy only six days in the hospital and, according to the history, he was discharged on the 30th day of December, six days after he was admitted.

We think it extremely improbable that there was any permanent injury to the child. A witness testifies that he was seen playing around the yard six days after the accident. The X-Ray failed to disclose any abnormality and at the time of the trial the child was apparently normal. Under the circumstances we think $350.00 a proper allowance.

For the reasons assigned the judgment appealed from is amended so as to reduce the sum awarded plaintiffs to $350.00 and in all other respects it is affirmed.