MILLER v. KAISER, Appellant

---

(Nov. 15, 1926.    Opinion and Decree.)
(Dec. 13, 1926.    Rehearing Refused.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Landlord and Tenant —Par. 65, 76.**

The fact that a tenant is in arrears in his rent does not relieve his landlord of his obligation to keep the leased premises in safe repair.

Appeal from Civil District Court, Division "B". Hon. M. M. Boatner, Judge.

Action by Susie Miller against John S. Kaiser.

There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

J. O. Denny, of New Orleans, attorney for plaintiff, appellee.

Chas. Osterberger, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J.    Plaintiff sues her landlord, claiming $10,000.00 as damages for personal injuries, resulting from a fall alleged to have been caused by defective steps, attached to the leased premises.

There was judgment in plaintiff's favor for $1182.00 and defendant has appealed.

The evidence satisfies us that plaintiff was injured in the manner claimed: that is to say, by the collapse of the steps leading from the kitchen to the back yard. The defendant contends that he can not be held responsible for the failure to repair the steps because plaintiff was in arrears in the payment of the rent, and, therefore should have repaired the steps, and credited his account with the expense. If plaintiff was indebted to defendant, at the time of the accident, the record fails to establish the fact, for there is nothing but defendant's statement and plaintiff's denial. However, the failure to pay the rent promptly does not relieve the landlord of his obligation to keep the leased premises in proper repair. His remedy would be an eviction of the tenant, sequestration or ordinary process, but so long as he allows the tenant to remain on the leased premises, the fact he extends credit for rent, does not affect his obligation, as landlord, to keep the property in repair.

The owner of a building is answerable in damages to those, who being lawfully on the premises, are injured by reason of its defects. Pierre vs. Levy, 3 La. App. 769.

"A lessor guarantees the lessee against all the defects of the leased premises even in case it should appear he knew nothing of the existence of such defects and he is bound to indemnify the lessee for any loss resulting from those defects." Moran vs. Maestri, 3 La. App. 228.

"The privilege conferred upon the lessee under Art. 2694 R. C. C. of causing repairs to be made to leased premises at the expense of lessor, creates no obligation upon the lessee to make such repairs." Morgan vs. Cusimano et al., 2 La. App. 112. See also Waus vs. Hollander, 2 La. App. 409.

Plaintiff is a cook, earning $11 per week when employed. Her leg was broken by the accident. It was in a plaster cast three weeks, during which time she remained in bed. She was unable to work for three months. Her doctor charged her $50.00. Her wages during the time she was incapacitated plus her doctor bill amounts to $182.00. We will allow in addition $750.00 for pain and suffering making $932.00 in all.

For the reasons assigned the judgment appealed from is amended by reducing the amount allowed plaintiff to $932.00 and in all other respects it is affirmed.